## FRENCH v LEWIS

Ohio Appeals, 4th Dist, Jackson Co
Decided Nov 7, 1930

R. A. Mack, Gallipolis, and F. S. Monnett, Columbus; for French.

Willis and Jones, Jackson, for Lewis.

**MIDDLETON, PJ.**

We think it is apparent from the petition that the plaintiffs are undertaking to impress on the property described in the petition a constructive trust and to maintain the action under the doctrine of the case of **Seeds v. Seeds, 116 Oh St 144.** In the Seeds case the property at the time of the bringing of the action was held by and in the possession of the parties charged with the fraud. There are no allegations in the petition in the instant case that either one or both of the beneficiaries named in the will of Franklin French procured the alleged forging of the will or had any knowledge of such alleged forgery or had been in any way guilty of any fraud or wrong-doing in respect thereto. There is no allegation that they knew or in the exercise of due diligence should have known that the will was a forgery. There are no allegations of fraud or wrong-doing against the beneficiaries named in the will nor against Abraham French, the alleged present owner of the property sought to be recovered in this action. The petition is strangely silent in respect to how or in what way Abraham French, the present owner, became possessed of the property in controversy. In the Seeds case Judge

Marshall makes this observation:

"The difficulties of the case are greatly reduced by the fact that the property has not passed into the hands of innocent purchasers."

In a general way we do not question the settled principle of equity that one who procures property by fraud or wrongful act is an involuntary trustee of said property for the one who but for the fraud would possess the property.

"It is a well settled general rule that if one person obtains the legal title to property, not only by fraud or by violation of fiduciary relations but in any other unconscientious manner, so that he can not equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it and who is considered in equity as the beneficial owner."

26 R. C. L. 1236.

It necessarily follows that as against the wrong-doer the injured party may recover the property or he may recover the property against a subsequent holder with notice of the fraud altho not connected in any way with the fraud.

"Trusts are not only enforced against those persons who are rightfully possessed of the trust property as trustees, but against all persons who come into possession of the property bound by the trust with notice of such trust. Even a purchaser, still more a volunteer, taking possession of the trust property with a notice of the trust will be made a trustee by the court."

26 R. C. L. 1237.

However, as against a bona fide holder for value, without notice nor want of diligence, a constructive trust ends and he is not liable as a trustee for the property. This is not only the general rule but was expressly recognized by our Supreme Court in the case of **Dixon v. Caldwell, 15 Oh St 412.** It is held:

"A bona fide purchaser of a land warrant for value, who is chargeable neither with notice nor want of diligence in making his purchase *** is not in equity a trustee of the legal title for the true owner of the warrant altho it was obtained by the fraud of a third person and transferred under a forged assignment."

It is said in the opinion in that case:

"A court of equity, says Sugden in his treatise on vendors, *** acts upon the conscience, and as it is impossible to attach any demand upon the conscience of a man who has purchased for a valuable consideration, bona fide and without notice of any claim on the estate, such a man is entitled to the peculiar favor and protection of a court of equity."

The court further said:

"This principle applies especially where the aid of a court of chancery is sought to enforce the surrender of an estate in land. As in such case the court can only act on the land; thru the medium of the parties, it must first inquire whether the party against whom its assistance is sought is conscientiously bound to comply with the demand urged against him, and if he be not, the case will fall without the scope of a jurisdiction which is founded upon the obligations of a conscience."

The court further in the opinion refers to the case of **Jones v. Powles, 3 Myl. & Kenn, 581,** which involved the title to land which was dependent upon a forged will and where the holder was held entitled to the protection of the court.

As before observed, it is not claimed in the petition that Abraham French, the present owner of this land, was in any way connected with the alleged fraud or had any notice thereof, or that he was guilty of any lack of diligence, in procuring the title to the land in controversy. If we assume that he inherited the land from his father, H. Smith French, there is no charge in the petition that the latter, who was a beneficiary under the will, had any knowledge of the fraud or was guilty of any wrong-doing in respect to the making of the will or its probate.

It is our conclusion that no facts are stated in the petition which would justify a court of equity in concluding that any of the parties named in the will of Abraham French as beneficiaries nor their successors in title should be held to be involuntary trustees for the benefit of the complainants, and that said petition wholly fails to connect the defendant, Abraham French, the present owner, with any fact that would make him answerable to the plaintiffs in any way whatever for his possession of the real estate described in the petition. We conclude that the petition

does not state facts sufficient to invoke the jurisdiction of a court of equity, and that the action is wholly one of that character.

Mauck and Blosser, JJ, cocnur.